United States Court of Appeals,

Fifth Circuit.

No. 93-2227

Summary Calendar.

Brian Douglas BRADLEY, Plaintiff-Appellant,

v.

UNIVERSITY OF TEXAS M.D. ANDERSON CANCER CENTER,

Georgia Thomas, M.D., in her Individual and Official Capacity, and JAMES COX, M.D., in his Individual and Official Capacity, Defendants-Appellees.

Oct. 7, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before KING, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:

In a July 20, 1991 *Houston Chronicle* article Brian Bradley revealed that he was HIV-positive and that he worked for the University of Texas M.D. Anderson Cancer Center as a surgical assistant. Soon thereafter the hospital reassigned him as a procurement assistant in the purchasing department. He then sued the hospital and two supervisors claiming, his reassignment violated section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 and constituted retaliation in violation of the First Amendment for speaking to the *Chronicle.* The district court granted summary judgment on those claims and dismissed Bradley's pendent state law claims. We affirm.

We address the Rehabilitation Act claim first. Bradley has the burden of establishing a prima facie case. One element of that case is showing that he is "otherwise qualified" to participate in the activity at issue. *Brennan v. Stewart,* 834 F.2d 1248, 1260 (5th Cir.1988). Assuming without deciding that seropositivity to HIV antibodies is an impairment within the meaning of the Act, the issue in this case is whether Bradley is otherwise qualified to continue in his employment as a surgical technician.

An "otherwise qualified" person can perform the essential functions of the job in question. *School Board of Nassau County v. Arline,* 480 U.S. 273, 288-89 & nn. 16-19, 94 L.Ed.2d 307, 107

S.Ct. 1123, 1131 & nn. 16-19 (1987). In the context of the employment of a person handicapped with a contagious disease the inquiry should include:

> [findings of] facts, based on reasonable medical judgments given the state of medical knowledge, about (a) the nature of the risk (how the disease is transmitted), (b) the duration of the risk (how long is the carrier infectious), (c) the severity of the risk (what is the potential harm to third parties), and (d) the probabilities the disease will be transmitted and will cause varying degrees of harm.

*Id.* 480 U.S. at 288, 107 S.Ct. at 1131. The court should give deference to the reasonable medical judgments of public health officers. If an employee cannot perform the essential functions of the job the court should consider whether any "reasonable accommodation" by the employer would let the handicapped person perform those functions. *Id.*

The parties do not dispute the first three factors. The nature of the risk is not at issue, as all parties recognize that blood entering a patient's body can transmit HIV. The duration of the infection is perpetual. And the virus inevitably leads to the fatal disease AIDS.

The disputed issue is the probability of transmitting the virus. The nature of Bradley's work as a surgical technologist creates some risk. He works in the sterile field within which surgery is performed, often coming within inches of open wounds and placing his hand in the body cavity roughly once a day. His duties include handing the handles of instruments to surgeons while he holds the sharp end, and he admits that accidents occur despite care. Bradley reports suffering five needle puncture wounds while on the job.

This risk, while present, is not large. The Centers for Disease Control (CDC) state that "the risk of transmitting HBV [Hepatitis B Virus] from an infected HCW [Health Care Worker] to a patient is small, and the risk of transmitting HIV is likely to be even smaller." CDC also notes that the risk of exposure "is greater for certain procedures designated as exposure-prone" such as "the simultaneous presence of the HCW's fingers and a needle or other sharp instrument or object in a ... highly confined anatomic site." Centers for Disease Control, *Recommendations for Preventing Transmission of Human Immunodeficiency Virus and Hepatitis B Virus to Patients During Exposure-Prone Invasive Procedures, in* Morbidity and Mortality Weekly Report, July 17, 1991.

While the risk is small, it is not so low as to nullify the catastrophic consequences of an

accident. A cognizable risk of permanent duration with lethal consequences suffices to make a surgical technician with Bradley's responsibilities not "otherwise qualified." *See Doe v. Washington Univ.,* 780 F.Supp. 628, 632-34 (E.D.Mo.1991) (HIV-positive dental student not otherwise qualified to perform invasive procedures because the risks defy the axiom to at least do no harm). *See also Estate of William Behringer v. Medical Center,* 249 N.J.Super. 597, 592 A.2d 1251, 1276-77 (Law Div.1991) (no violation of state statute proscribing discrimination against the handicapped because HIV-positive surgeon posed a "reasonable probability of substantial harm" to others).

The Eleventh Circuit's opinion in *Harris v. Thigpen,* 941 F.2d 1495 (1991) does not control here. In *Harris* the trial judge found that HIV-infected prisoners were not "otherwise qualified" to engage in a wide range of prison activities. The Eleventh Circuit remanded for program-by-program findings of fact. In this case we know the specific duties of the job involved.

The hospital cannot make "reasonable accommodation" to eliminate the risks connected with the "essential functions" of this job. *See Arline,* 480 U.S. at 288 n. 16, 107 S.Ct. at 1131 n. 16. For the hospital to have accommodated Bradley, it would have had to eliminate the essential function of being in the operative field. The CDC's conclusions about the risks assume that doctors and technicians exercise care during surgery but inevitably experience accidents. Moving Bradley away from the operation would require using another assistant to substitute in for the functions Bradley could not perform, requiring even more redefinition of essential roles. Such redefinition exceeds reasonable accommodation. *See Southeastern Community College v. Davis,* 442 U.S. 397, 407-08, 99 S.Ct. 2361, 2367-68, 60 L.Ed.2d 980 (1979).

Bradley contends that he should have been reassigned to a job involving patient contact. This contention fails. As reasonable accommodation cannot be made for the job he had, his employer has no duty to reassign Bradley to any particular job, although it could not deny him alternative employment opportunities reasonably available under the employer's existing policies. *Arline,* 480 U.S. at 289, 107 S.Ct. at 1131 n. 19; *Carter v. Tisch,* 822 F.2d 465, 467 (4th Cir.1987). Bradley does not allege that he sought any other specific position in the hospital after his reassignment and does not demonstrate the availability of other positions.

With this analysis as background, we turn to the First Amendment claim. To establish a prima facie case of retaliation for exercising free speech, a plaintiff employee must prove that his statements touch a matter of public concern, and that the speech was a motivating factor in the employer's adverse employment action. *Rankin v. McPherson,* 483 U.S. 378, 385-86, 107 S.Ct. 2891, 2897, 97 L.Ed.2d 315 (1987). If an employer would have reached the same decisions without regard to the constitutionally protected incident, then the incident was not a motivating factor in defendant's decision. *Mt. Healthy City School Dist. Board of Educ. v. Doyle,* 429 U.S. 274, 285-87, 97 S.Ct. 568, 575-76, 50 L.Ed.2d 471 (1977). An employee should not be placed in a better position as a result of exercising constitutionally protected speech. *Id.* at 287, 97 S.Ct. at 576.

We find that Bradley has not shown that his speech was a motivating factor. His HIV-positive status gave the hospital grounds to reassign him. The fact that he informed the hospital of his status in a newspaper article does not change the hospital's rights in this situation. *See id.* We find no merit in Bradley's claim that he was singled out because the hospital had an inadequate detection system.

AFFIRMED.