# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

No. 95-60220
Summary Calendar

---

JAMES ALFORD,

Plaintiff-Appellant,

versus

TELEPEX, INC., a/k/a Potosi Co.,
BRANCH CABLE, INC., and DELTA
TELEPHONE COMPANY, INC.,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Northern District of Mississippi
(1:94-CV-53)

---

July 1, 1996

Before POLITZ, Chief Judge, SMITH and BARKSDALE, Circuit Judges.

POLITZ, Chief Judge:[*]

James Alford appeals the grant of an adverse summary judgment on his claim of

employment discrimination under the Americans with Disabilities Act.[1] Finding no genuine

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1] 42 U.S.C. §§ 12101-12213.

dispute regarding Alford's inability to perform the essential functions of the job, with or without reasonable accommodation, we affirm.

Background

Alford began working in 1971 as an installer/repairman for Ackerman Telephone Co., which later merged with defendant Delta Telephone, Inc., a subsidiary of defendant Telepex, Inc. Alford worked at Delta's Ackerman, Mississippi plant until October 11, 1990, when he fell from a truck and injured his hip. The injury required several surgeries. Delta continued to pay Alford a full salary under a long-term disability policy until August 31, 1991. In April 1994, Alford was awarded a lump sum workers compensation settlement and his permanent total body disability was fixed at 35 percent.

In January 1993, against the advice of his physician, Alford decided he was able to return to work as a telephone installer/repairman. He testified by affidavit that he sought work repeatedly by contacting several Telepex managers and that he did everything that they suggested. In early September 1993 he called Brooks Derryberry, a vice president of Telepex and general manager of Delta and Branch Cable, Inc., another Telepex subsidiary which shares Delta's Ackerman office. Alford asked if there were any openings at any of Derryberry's plants. Derryberry responded that there were no openings at Delta. There was no mention of Branch Cable.

About a year earlier, defendants had advertised an installer/repairman opening at Branch Cable and they had conducted job interviews. Derryberry then ranked Roderick Moore as the leading applicant. The decision to hire was delayed, however, until another

2

employee was transferred in August 1993. Derryberry then called Moore back for a final interview in early September. The final interview and decision to hire Moore took place about the same time as the telephone call from Alford indicating his desire for employment. Moore began work on October 1, 1993 as the sole Branch Cable employee at the Ackerman plant.

In the instant litigation, Alford asserts that the decision to hire Moore discriminated against him in violation of the ADA. He acknowledges that in September 1993 when he requested employment of Derryberry, he could neither climb poles nor crawl under houses, which he does not dispute are essential functions of the job he sought.

The district court granted summary judgment to the defendants, holding that Alford had failed to raise a genuine issue of material fact as to his ability to perform the essential functions of the job. Alford timely appealed.

<u>Analysis</u>

We review *de novo* a grant of summary judgment, viewing all facts in the light most favorable to the non-movant.[2] Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[3] A genuine dispute is one which a reasonable jury could resolve by rendering a verdict for the plaintiff;

---

[2]**Cavallini v. State Farm Mutual Auto Ins. Co.**, 44 F.3d 256 (5th Cir. 1995).

[3]**Id.**

3

material facts are those which might affect the outcome of the lawsuit.[4]

Because we agree with the district court that Alford failed to demonstrate a genuine issue as to an essential element of his cause of action in that he suggested no plausible way in which his impairment could be accommodated, it is unnecessary for us to decide whether Alford's employment inquiries constituted an application for the Branch Cable job and whether he had a disability cognizable under the ADA.

As part of the cause of action under the ADA a plaintiff must show that he is a "qualified individual with a disability."[5] In order to be qualified, a plaintiff must demonstrate that he can perform the essential functions of the job sought, with or without reasonable accommodation.[6] The relevant period for this determination is the time of the adverse employment action.[7]

Essential functions are the fundamental, rather than marginal, duties of the position.[8] If the individual is unable to perform an essential function there must be a determination whether any reasonable accommodation by the employer could enable him to do so.[9] The

---

[4]**Anderson v. Liberty Lobby, Inc.**, 106 S.Ct. 2505 (1986).

[5] 42 U.S.C. § 12111(8).

[6]**Id.**

[7] 29 C.F.R. Pt. 1630, App. § 1630.2(m). For this reason, whether Alford was able to crawl under houses six months after he purportedly applied for the Branch Cable job, as he contends, is irrelevant to this litigation.

[8] 29 C.F.R. § 1630.2(n)(1).

[9] 42 U.S.C. § 12111(8).

ADA does not require, however, that an employer reallocate essential functions to other employees.[10]  Substantial redefinition of the essential roles of a position exceeds reasonable accommodation.[11]

On appeal, Alford does not dispute that climbing poles to install and test equipment and crawling in confined spaces under houses to install and repair lines were essential functions of the Branch Cable installer/repairman position.  He acknowledges that he was unable to perform either function as of September 1993, at the time he claims he was passed over for the Branch Cable position.  Alford contends, however, that his inability to perform these functions could be reasonably accommodated by having another employee do that work.[12]

Four or five employees, including the Branch Cable repairman, perform essentially the same duties as installers/repairmen at the Ackerman plant.  They usually work in teams of two, according to Alford.  The parties dispute how often pole climbing is required and

---

[10] 29 C.F.R. Pt. 1630, App. § 1630.2(o).

[11]**Bradley v. University of Texas M.D. Anderson Cancer Center**, 3 F.3d 922 (5th Cir. 1993) (case under the Rehabilitation Act, 29 U.S.C. § 794), cert. denied, 114 S.Ct. 1071 (1994).  Case law interpreting the Rehabilitation Act's "otherwise qualified" requirement can be relied upon in interpreting the ADA because the ADA is to be interpreted in a way that "prevents imposition of inconsistent or conflicting standards for the same requirements" under the two statutes.  42 U.S.C. § 12117(b); **White v. York Int'l Corp.**, 45 F.3d 357, 360 n.5 (10th Cir. 1995).

[12]We find that the facts averred in the affidavit of James Alford submitted with his Rule 59(e) Motion to Alter or Amend the Judgment buttress rather than undermine our conclusion that summary judgment is appropriate.

whether it is now done as frequently as in the past, but Alford admitted in his deposition that on the Delta job the workers sometimes climbed poles all day long. He also said it is a dangerous activity. Further, he stated in his deposition that "a lot of times" he had to crawl under houses in his Delta job. In his affidavit he conceded that he may have crawled under houses up to one hour per day on his Delta job.

Under these circumstances, the accommodation Alford requests amounts to a substantial restructuring of the job by removing two essential duties, one of which is dangerous, and meting them out to the other employees. Given the very small size of the workforce, it is impermissible to stretch the concept of reasonable accommodation that far. Although in the ordinary case the trier of fact decides whether a suggested accommodation is reasonable,[13] we conclude as a matter of law that under these facts no reasonable trier of fact could find such a reallocation of essential functions to be required by the ADA.

Alford has failed to raise a fact issue as to an essential element of his case. The record reflects no plausible basis for believing that his impairment could be accommodated.[14] Accordingly, defendants are entitled to prevail as a matter of law.

---

[13]See **Brennan v. Stewart**, 834 F.2d 1248 (5th Cir. 1988) (reasonable accommodation is fact question under section 504 of Rehabilitation Act, 29 U.S.C. § 794).

[14]Even assuming that the employer in an ADA case has the burden of proof to show that the disability cannot be reasonably accommodated, the plaintiff must articulate plausible reasons that his disability can be accommodated as part of the elements of his cause of action. See **Prewitt v. United States Postal Service**, 662 F.2d 292 (5th Cir. 1981) (Rehabilitation Act case); cf. **Chandler v. City of Dallas**, 2 F.3d 1385 (5th Cir. 1993) (Rehabilitation Act case), cert. denied, 114 S.Ct. 1386 (1994).

AFFIRMED.