**UNITED STATES COURT OF  APPEALS**

**FOR THE FIFTH CIRCUIT**

---

NO. 97-50321
Summary Calendar

---

CORA JEAN JONES

Plaintiff-Appellee,


VERSUS

KERRVILLE STATE HOSPITAL; TEXAS DEPARTMENT OF MENTAL
HEALTH AND MENTAL RETARDATION; GLORIA P. OLSEN PH.D., in her
individual and official capacities; EDWARD BASKIN, in his
individual and official capacities; LARUE HAWKINS, in her
individual and official capacities; BERYL BOERNER, in her
individual and official capacities,

Defendants,

KERRVILLE STATE HOSPITAL; TEXAS DEPARTMENT
OF MENTAL HEALTH AND MENTAL RETARDATION,

Defendants-Appellants.

---

Appeal from the United States District Court
For the Western District of Texas

---

June 4, 1998

Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:

**I.**

**FACTS & PROCEDURAL HISTORY**

Plaintiff-Appellee, Cora Jean Jones, was employed as an LVN at

1

the Kerrville State Hospital ("Kerrville"), a facility operated by the Texas Department of Mental Health and Mental Retardation ("TDMHMR") for the care and treatment of the mentally ill. Upon being hired at Kerrville, Jones was required to complete a course of training in the Prevention and Management of Aggressive Behavior ("PMAB"), followed by a yearly refresher course. PMAB training included a physical portion, wherein employees were trained to use the weight and force of the patient to subdue them with the least risk of harm to the employee or patient. This portion of the PMAB training was known as the "mats" portion, because it was conducted on padded mats.

Upon being hired at Kerrville in September, 1992, Jones took the PMAB training course. She informed her instructors that she could not participate in the "mats" portion, because she had physical limitations caused by surgical treatments of osteoarthritis and degenerative joint disease.[1] She was not required to participate in the "mats" portion, and yet her employment records reflect that she completed PMAB training.

In March, 1993, Jones was asked to transfer to another ward to cover for an LVN who had not been able to complete the "mats"

---

[1]Jones and her physician, Dr. James Mitchell, testified that Jones had osteoarthritis and degenerative joint disease which had been treated with surgery on each shoulder and a cervical laminectomy. Dr. Mitchell testified that Jones had a maximum 45 degree rotation of her neck, which she demonstrated on the stand, limited function and weakness in raising her arms over her head, and limited strength and mobility in her arms. Dr. Mitchell testified that Jones was limited in her ability to push, pull, lift and carry objects and that these limitations were permanent.

portion of PMAB. She notified the supervisor that she too had not been able to complete the "mats" portion of PMAB training. Jones' case was presented to the hospital's Americans with Disabilities Committee on Jones' request for an accomodation, i.e., exemption from the "mats" portion of PMAB. Jones' immediate supervisor, Barbara Gotcher, stated on a form submitted to the ADA committee that Jones' disability "[did] not affect safety of individuals served, [did] not affect personal safety, and [did] not affect safety of co-workers." Dr. Mitchell also submitted a statement indicating that Jones could perform the duties of her current position. Jones testified at trial that during her time at Kerrville, she never saw the techniques taught in the "mats" portion actually used. The ADA committee took no action on Jones' request for accomodation. She heard nothing further from the ADA committee and she was allowed to remain at her original position until September, 1993, when it came time for Jones to participate in the PMAB refresher course. Again she could not participate in the "mats" portion. After a consultation with Beryl Boerner, Director of Nurses, Jones was notified on October 29, 1993, that she could no longer work in a direct-care position.[2] On November 3, 1993, Jones was placed on leave without pay.

Jones sued under the Americans with Disability Act ("ADA"), 42 U.S.C. §12101, *et seq.* The case against Kerrville and TDMHMR went

---

[2]At the time of her removal from direct care, Jones was working in the geriatric ward.

3

to the jury on special interrogatories. The jury found "that successful completion of the more physical aspects of PMAB training is an essential function of the position of licensed vocational nurse at Kerrville State Hospital." The jury then found "that an exemption from completion of the more physical aspects of PMAB training would be a reasonable accomodation of Plaintiff Cora Jean Jones' disability." The jury awarded Jones $25,000 in compensatory damages.

Jones filed a motion for equitable relief (injunctive relief, back pay and front pay in lieu of reinstatement), and motion for attorney's fees and costs. Defendants opposed Jones' motion for equitable relief and filed their own Fed. R. Civ. P. 60(b) motion for judgment as a matter of law, or, in the alternative, motion for new trial. The district court denied Defendants' Rule 60(b) motion and Jones' request for injunctive relief. The district court granted Jones' motion for back pay and front pay "in specific amounts to be determined by future Court order." The district court directed Jones to file an advisory "detailing the amount of back pay requested[,] ... recalculating that amount to the date of this judgment" and "also contain[ing] a detailed breakdown of all components of Plaintiff's request for front pay and specify[ing] the manner in which that request has been calculated." Finally, the district court granted Jones' motion for attorney's fees and costs.

Jones filed a Supplemental Motion for Equitable Relief,

4

Advisory for Back Pay and Front Pay and Supplemental Motion for Attorney's Fees. Defendants filed their objections. Then, before the district court could rule on Jones' supplemental motions, Defendants filed a notice of appeal challenging the denial of their Rule 60(b) motion, the award of back pay and front pay, and the award of attorney's fees. Subsequent to the filing of this appeal, the district court entered its order establishing the exact amounts of front pay and back pay awarded to Jones. Jones has filed a motion to supplement the record with the district court's order establishing the exact amounts of front and back pay. That motion is granted, and therefore we need not address Appellee's motion to dismiss for lack of a final order.

## II.

## LAW & ANALYSIS

"A motion for judgment as a matter of law ... in an action tried by jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict." *Harrington v. Harris*, 118 F.3d 359, 367 (5th Cir. 1997), *quoting Hiltgen v. Sumrall*, 47 F.3d 695, 699 (5th Cir. 1995). "On review of the district court's denial of such a motion, the appellate court uses the same standard to review the verdict that the district court used in first passing on the motion," i.e., "[a] jury verdict must be upheld unless 'there is no legally sufficient evidentiary basis for a reasonable jury to find' as the jury did." *Id*. citing Fed. R. Civ. P. 50

5

(a)(1).

Special Interrogatory Number two asked the jury to determine whether "successful completion of the more physical aspects ["mats" portion] of PMAB training is an essential function of the position of licensed vocational nurse at Kerrville State Hospital." The jury held that it was. Special Interrogatory Number three then asked the jury to determine whether "an exemption from completion of the more physical aspects of PMAB training would be a reasonable accomodation of Plaintiff Cora Jean Jones' disability." The jury held that it would be. Even given the highly deferential standard stated above, the verdict in this case is fatally flawed.

As a matter of law, it is an unreasonable accomodation for the employer to have to exempt the employee from performance of an essential function of the job. *See Barber v. Nabors*, 130 F.3d 702, 709 (5th Cir. 1997)("We cannot say that [the employee] can perform the essential functions of the job with reasonable accomodation, if the only successful accomodation is for [the employee] not to perform those essential functions"). The ADA protects disabled persons who are "otherwise qualified". 42 U.S.C. § 12112(a). To be otherwise qualified, the disabled person must be able to perform the essential functions of the job with or without reasonable accomodation. 42 U.S.C. § 12111(8). If the disabled person must be exempted from performance of an essential function of the job, then she is not otherwise qualified and not protected by the ADA. As it

6

stands, the jury clearly found that Kerrville violated the ADA by failing to make an accomodation that is unreasonable as a matter of law. Exemption from the "mats" portion was not a reasonable accomodation and that alone is enough to overturn the finding of liability in this case. The only question which remains is whether this Court should remand this case for a new trial or render it here and now. We conclude that we must render for defendants.

Jones built her entire case on two premises; 1) that the "mats" portion of PMAB is not an essential function of the job; and 2) it is a reasonable accomodation for Jones to be exempted from "mats". The jury decided the first point against Jones, holding that "mats" was an essential function of her job. The evidence clearly supports the jury's finding, implicit in their response to Special Interrogatory Number two, that "mats" was an essential function of Jones' job. As we mentioned, *supra*, as a matter of law that holding forecloses the possibility of exemption from the "mats" portion as an accomodation. Jones presented no proof that she could have performed the "mats" portion with reasonable accomodation. Accordingly, she did not demonstrate that she is an otherwise qualified individual--that is, that she is capable of performing the essential functions of the direct care LVN position with or without reasonable accomodation--and she is thus not

entitled to recover under the ADA.[3]

### III.

### CONCLUSION

To remedy the shortcomings of this verdict, we see no alternative but to reverse and render for defendants. Accordingly, the district court's award of back pay, front pay, attorney's fees and costs to plaintiff is vacated.

REVERSED AND RENDERED.

---

[3]We express no opinion whether it would have been a reasonable accomodation to reassign Jones to a non-direct care LVN position at Kerrville where the "mats" portion was not an essential function, because Jones did not pursue that possibility at trial.