# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 99-10637
Summary Calendar
_____

LUCIANO F. LOPEZ,

Plaintiff-Appellant,

versus

TYLER REFRIGERATION CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:97-CV-2749-D)

_____

January 4, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM[*]:

Luciano Lopez ("Lopez") appeals the district court's dismissal on summary judgment of his discrimination and retaliation claims against Tyler Refrigeration Corporation ("Tyler") under the Americans with Disabilities Act ("ADA") and Texas state disability law.[1]  Because Lopez has not shown that he is a "qualified individual" within the meaning of the ADA, we affirm.

Lopez began working for Tyler as an assembler of refrigeration cases in 1990.  The job of assembler required that he use power drills and tools for a large part of the work day and that he lift objects weighing about fifty (50) pounds about eight times per hour.  In August 1992, Lopez suffered

[*]   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]   Lopez' claims under the ADA and the Texas Commission on Human Rights Act, TEX. LABOR CODE ANN. §§ 21.100-21.405 (West 1999) ("TCHRA"), are based on the same underlying facts. Therefore, as both parties agree, we apply ADA standards to both causes of action.  *See Morton v. GTE N. Inc.*, 922 F. Supp. 1169, 1183 (N.D. Tex. 1996), *aff'd* 114 F.3d 1182 (5th Cir. 1997).

a serious injury to his right arm. Over the next four years, Lopez required several operations. During this period, he worked only sporadically and was given modified-duty positions to comply with his doctor's restrictions. After a final surgery in June 1996, Lopez was released by his physician to return to work in mid-November 1996. The physician imposed permanent limitations on the work Lopez could perform: (1) no lifting objects which weighed over twenty-five (25) pounds, and (2) only occasional use of hand tools for no more than two hours daily.[2] Lopez was returned to work on modified duty, including some assembly-line work, which complied with the limitations.

In January, 1997, Lopez was discharged because, with his permanent work restrictions, he would never be able to return to his regular assembler position. Lopez sued Tyler for discrimination and retaliation under the ADA and TCHRA.[3] The district court, finding that Lopez was not a "qualified individual," granted summary judgment.

We review a grant of summary judgment *de novo*. *See Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1092 (5th Cir. 1996). "Summary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] has the burden of proof at trial." *Cleveland v. Policy Management Systems Corp.*, __U.S.__, 119 S. Ct 1597, 1603, __L. Ed. 2d__ (1999) (addressing ADA plaintiff's *prima facie* case) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct 2548, 91 L. Ed. 2d 265 (1986)); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (summary judgment requires "absence of a genuine issue of material fact," but movant "need not negate the elements of the nonmovant's case") (internal citation omitted).

To prevail on an ADA discrimination claim, a "plaintiff must prove that (1) he has a disability; (2) he is qualified for the job; and (3) an adverse employment decision was made solely because of

---

[2] It is unclear from the summary judgment reco rd whether the 25-pound lifting limit applied only to Lopez' right hand. The language in the medical release does not resolve the question. Lopez had serious medical problems in his left hand as well, including carpal tunnel syndrome which required surgery. However, after that surgery his physician apparently returned Lopez to full duty with his left hand.

[3] Lopez did not brief his retaliation claim at the district court level. It was thus deemed waived.

his disability. " *Turco*, 101 F.3d at 1092; *see also* 42 U.S.C. § 12112(a) (1999) ("No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual.").

To establish that he was "qualified for the job" of assembler, Lopez must demonstrate that "with or without reasonable accommodation, [he] can perform the essential functions of the employment position." 42 U.S.C. § 12111(8). In other words, Lopez must prove "(1) that he could perform the essential functions of the job in spite of his disability or (2) that a reasonable accommodation of his disability would have enabled him to perform the essential functions of the job." *Turco*, 101 F.3d at 1093 (citing *Chandler v. City of Dallas*, 2 F.3d 1385, 1393 (5th Cir. 1993); *see also Jones v. Kerrville State Hospital*, 142 F.3d 263, 265 (5th Cir. 1998) (plaintiff must prove he can "perform essential functions of job with or without reasonable accommodation").

Lopez claims that, by the time of his discharge, he was able to perform the essential functions of the assembler job by using predominantly his left hand.[4] The summary judgment record belies this claim, however. As Lopez admitted in his deposition, one of the essential functions of the assembler position is the lifting, about eight times per hour, of objects weighing approximately 50 pounds. Lopez has failed to raise a genuine fact issue precluding summary judgment with regard to whether he, at the time of discharge, was capable of lifting 50-pound objects using principally his left hand.[5]

Lopez refers to two items in the summary judgment record in attempting to establish that he was able to perform the essential functions of the assembler position using his left hand. The first item is the deposition testimony of his supervisor, Will Carden ("Carden"). Carden testified that

---

[4]   Lopez' claimed use of his left hand may be, under the *Turco* framework, defined either as an ability to perform the essential functions of the job without accommodation or as a reasonable "self-accommodation."

[5]   In his deposition, Lopez stated that, at the time of his discharge, Tyler was honoring his restriction as Tyler understood it by not making him lift more than 25 pounds. When such lifting was required, Lopez noted, another employee was required to help Lopez or do the lifting for him. Lopez specifically added that, at the time of discharge, he was not capable of doing the lifting required by the regular assembler position. Thus, Lopez's deposition testimony established that he was *not* capable of performing the essential functions of the assembler position without accommodation.

-3-

Lopez worked from time to time on the assembly line after November 1996, and that he was doing a good job immediately before his discharge. However, Carden repeatedly stated that he was discussing Lopez's performance not at the regular assembler position, but at the modified job created for him to comply with his lifting and hand-tool restrictions. Carden noted that he had been "asked to find something for [Lopez] to do in the department." He then discussed the fact that, in light of Lopez's medical restrictions, a temporary modified job, involving some assembly-line work, was created for Lopez. Carden specifically noted that he took away the more "strenuous" aspects of the regular assembler position and gave them to others, allowing Lopez to handle a greater share of the "easier" assembly-line tasks, such as wiring. Carden's testimony fails to raise a genuine fact issue as to whether Lopez was capable of performing all of the essential assembler functions, including the lifting of 50-pound weights, at the time of his discharge.[6] *See Cleveland,* 119 S. Ct. at 1603; *Little,* 37 F.3d at 1075 (summary judgment is appropriate "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant") (internal citation omitted).

The second item in the record cited by Lopez is his affidavit, submitted as an appendix to his opposition to summary judgment. In the affidavit, Lopez claims that by the end of his employment he "was lifting," using his left hand aided by his right as necessary. Lopez's affidavit does not clarify the amount of weight that he was lifting. It does claim that he was "able to and was performing my usual duties" as of the time of his discharge. Lopez, however, was not working as a regular assembler at the time of his discharge, but rather in a modified, light-duty position. It is unclear

---

[6] Apparently referring to a 1994 job assessment by Carden, Lopez claims that Carden had indicated that the assembler position did not require the use of both hands or the lifting of more than 25 pounds. It is uncontested that Lopez was given a light-duty assignment in 1994 following an October 1993 surgery. The 1994 assessment, with its explicit reference to Lopez's injury, appears to relate not to the regular assembler position, but to the modified position created for Lopez in light of his medical requirements. By affidavit, Carden confirms that his evaluation related only to Lopez's modified-duty position. He also attests to the undisputed fact that the assembler position requires the frequent lifting of up to 50 pounds. Thus, Carden's 1994 assessment and related testimony do not create a genuine issue of material fact as to whether Lopez was capable of performing the essential functions of the assembler position.

-4-

whether the "usual duties" Lopez "was able to and was performing" were Lopez's usual duties in his modified-duty position or those of a regular assembler. The former interpretation seems more applicable, because the duties Lopez actually "was performing" at the time of discharge were those of the modified job. If so, Lopez's affidavit does not address the question of whether he was capable of lifting 50-pound weights and fulfilling the other requirements of the regular assembler job. Thus, Lopez's affidavit does not clearly assert that he was capable of performing the essential functions of the assembler position when he was discharged.[7] It therefore fails to preclude summary judgment as to whether Lopez was "qualified."

Lopez also claims that he was capable of performing the essential functions of the assembler job with the reasonable accommodation of allowing him to continue in the assembler job as temporarily modified by Carden after Lopez's return in 1996. But this accommodation exempted Lopez from the 50-pound lifting function admittedly essential to the assembler job Lopez was hired for. Therefore, it was not a "reasonable accommodation" with reference to the assembler position, under the ADA. *See Jones*, 142 F.3d at 265 ("As a matter of law, it is an unreasonable accommodation for the employer to have to exempt the employee from performance of an essential function of the job."); *Barbor v. Nabors*, 130 F.3d 702, 709 (5th Cir. 1997) (logically, employee cannot perform essential functions of job with reasonable accommodation, and thus cannot be "qualified", if the only successful accommodation is to exempt the employee from those essential functions). The modification was also "unreasonable" because it forced other assemblers to help Lopez perform an

---

[7] Even if Lopez's affidavit could be interpreted to assert that he was capable of lifting 50-pound weights and fulfilling the other essential duties of an assembler, it fails to preclude summary judgment. Lopez's deposition testimony admitted that he was incapable of meeting the essential lifting duties of the assembler position, at the time of his discharge. *See supra* note 5. Lopez's affidavit contradicts this deposition testimony and fails to explain the inconsistency. Thus, it is insufficient to create a summary judgment issue as to whether Lopez could perform the assembler's lifting tasks without accommodation. *See Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223, 228 (5th Cir. 1984) (holding that "the nonmovant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, his previous testimony"); *Thurman v. Sears, Roebuck & Co.*, 952 F.2d 128, 137 (5th Cir. 1992) (under *Albertson*, explanation that earlier deposition testimony was the result of defense counsel's outwitting of plaintiff, which led to plaintiff's uttering words he did not intend, was insufficient for subsequent contradictory affidavit to defeat summary judgment).

essential function (lifting) of the position. *See Turco*, 101 F.3d 1094 (accommodation that places heavier burden on coworkers is unreasonable); *Bradley v. University of Texas M.D. Anderson Medical Center*, 3 F.3d 922, 925 (5th Cir. 1993) ("redefinition of essential roles," in substituting one worker's functions for those of another, "exceeds reasonable accommodation"); *Soto-Ocasio v. Federal Express Corp.*, 150 F.3d 14, 20 (1st Cir. 1998) (holding that requiring employer to allocate other employees to complete plaintiff's work was unreasonable). Because Carden's accommodation was not reasonable, the ADA did not require Tyler to continue it permanently. *See Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1528 (11th Cir. 1997).[8]

Lopez's only proposed accommodation is unreasonable as a matter of law. He thus has entirely failed to establish that he could perform the essential functions of the assembler job either (1) without accommodation or (2) with a reasonable accommodation. Therefore, he has failed to raise a genuine fact issue as to whether he was "qualified" under the ADA. *See* 42 U.S.C. § 12111(8); *Turco*, 101 F.3d at 1092; *Cleveland*, 119 S. Ct. at 1603. Accordingly, the judgment of the district court is AFFIRMED.

---

[8]     Lopez does not claim that he was entitled to a permanent full-time light duty position. Such a contention would be without merit. Tyler does not have any permanent light duty positions, and was not required to create a new position to accommodate Lopez. *See Turco*, 101 F.3d at 1094 (company "is not required to create light duty jobs to accommodate disabled employees"); *Daugherty v. City of El Paso*, 56 F.3d 695, 700 (5th Cir. 1995) (employer not required by ADA to find or create new job for disabled plaintiff).

        Lopez also does not claim that he was entitled to a longer temporary accommodation while his right hand further healed, at which point he might once again have been "qualified" as an assembler.