NUMBER 13-01-448-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
DORIS J. JOHNSON,                                                                  Appellant,

v.

HOECHST CELANESE CORP.
CNA HOLDINGS, INC. FORMALLY
(SIC) D/B/A HOECHST CELANSE,                                             Appellees.
                                                                                                                                      

On appeal from the 148th District Court of Nueces County, Texas.
                                                                                                                      

O P I N I O N

Before Justices Hinojosa, Yañez, and Castillo
Opinion by Justice Yañez
 

          Appellant Doris J. Johnson challenges the trial court’s grant of summary judgment
in favor of appellee Hoescht Celanese Corporation (“HCC”) on causes of action alleging
disability discrimination and sex discrimination.


 We reverse and remand.
Background
          On June 26, 1978, Johnson began working with HCC as a pipefitter helper in the
maintenance department. In November of 1987, she injured her shoulder at work when
a three-wheeler flipped while she was riding it. In March of 1988, Dr. William Swan
performed surgery on her shoulder. When she returned to work, she was given a helper
on an as-needed basis. In March of 1993, Johnson re-aggravated the injury, and Dr. Swan
performed a second surgery. In May of 1997, Johnson’s division (Chemical Research and
Technology) was terminated and she was selected to continue in the same position (senior
maintenance mechanic) with another division (Global Basic Chemicals). Due to changes
in organizational structure, Johnson’s position in the new division came with additional job
requirements and assignments, which exposed her to more physical activity. In September
of 1997, she re-injured her shoulder. In October of 1997, Severo Garza transferred into
Johnson’s division and became her supervisor. He assigned her a full-time helper. Soon
after, he took away the full-time helper because he thought it was an unreasonable
accommodation. On February 23, 1998, after a review and clarification of Johnson’s
physical restrictions, she was assigned to clerical duties. Beginning on April 20, 1998, she
took extended sick leave.
          On August 28 and September 9, 1998, Johnson filed disability claim notices through
HCC’s long-term disability plan. On September 23, 1998, she filed a charge of
discrimination, including an affidavit, with the Corpus Christi Human Relations Commission,
a division of the Texas Commission on Human Rights. She alleged disability and sex
discrimination on the part of HCC from October 17, 1997, continuing through April 20,
1998.


 On October 19, 1998, her long-term disability benefits began, and she was taken
off HCC’s payroll.
          In May of 1999, Johson filed suit against HCC. On March 20, 2001, she filed the
live petition, her second amended original complaint. A hearing was held on HCC’s motion
for summary judgment on March 26, 2001. HCC subsequently filed two additional
supplemental motions for summary judgment. Summary judgment was granted on June
22, 2001. This appeal ensued.
Standard of Review
          When reviewing traditional summary judgments, the standard is whether the
successful movant at the trial level carried the burden of showing that there is no genuine
issue of material fact and judgment should be granted as a matter of law. M.D. Anderson
Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000); Am. Tobacco Co., Inc. v.
Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). In resolving the issue of whether the movant
has carried this burden, all evidence favorable to the non-movant must be taken as true
and all reasonable inferences, including any doubts, must be resolved in the non-movant’s
favor. Willrich, 28 S.W.3d at 23-24. Summary judgment should be granted when the
defendant/movant submits summary judgment evidence that disproves at least one
essential element of the plaintiff’s cause of action. Grinnell, 951 S.W.2d at 425. In
addition, “A defendant moving for summary judgment on the affirmative defense of
limitations has the burden to conclusively establish the defense.” Velsicol Chem. Corp. v.
Winograd, 956 S.W.2d 529, 530 (Tex. 1997). “When the trial court does not specify the
basis for its summary judgment,” as is the case here, “the appealing party must show it is
error to base it on any ground asserted in the motion.” Star-Telegram, Inc. v. Doe, 915
S.W.2d 471, 473 (Tex. 1995). “The appellate court must affirm the summary judgment if
any one of the movant’s theories has merit.” Id.
Applicable Law
          Johnson brought her complaint pursuant to the Texas Commission on Human
Rights Act (TCHRA), now found at chapter 21 of the Texas Labor Code. See Tex. Lab.
Code Ann. §§ 21.001-.556 (Vernon 1996 & Supp. 2003). A lawsuit under this chapter “is
limited to the complaints made in the discrimination charge and factually related claims that
could reasonably be expected to grow out of the Commission’s investigation of the charge.” 
Thomas v. Clayton Williams Energy, Inc., 2 S.W.3d 734, 738 (Tex. App.–Houston [14th
Dist.] 1999, no pet.) (citing Fine v. GAF Chem. Corp., 995 F.2d 576, 578 (5th Cir. 1993)). 
“Because one purpose of [chapter 21] is to bring Texas law in line with federal laws
addressing discrimination, federal case law may be cited as authority.” Specialty Retailers,
Inc. v. DeMoranville, 933 S.W.2d 490, 492 (Tex. 1996); see Austin State Hosp. v. Kitchen,
903 S.W.2d 83, 88-89 (Tex. App.–Austin 1995, no writ).
Analysis
          HCC argued in its motion for summary judgment, accompanied by two supplemental
motions for summary judgment, that summary judgment was proper because: (1)
Johnson’s claims are time-barred; (2) Johnson was not qualified; (3) Johnson’s request
for accommodation was unreasonable; (4) Johnson was not treated less favorably than
male employees; and (5) the deposition of Charles Horn ruins her claims. In order to
succeed on its motions for summary judgment, HCC was required to show that there is no
genuine issue of material fact and judgment should be granted as a matter of law as to any
of these grounds. See Willrich, 28 S.W.3d at 23. On appeal, since the trial court did not
specify the basis for its summary judgment, Johnson must show it is error to base the
summary judgment on any ground asserted in the motion. Star-Telegram, 915 S.W.2d at
473. We will address each of HCC’s grounds for summary judgment in turn.
A. Statute of Limitations
          In its motion for summary judgment, HCC argued that Johnson’s claims were time-barred by the labor code because she failed to file her charge within 180 days of the
alleged unlawful employment practice. We disagree.
          “Texas law requires that a complaint of unlawful employment practices be filed with
the . . . Texas Commission on Human Rights within 180 days after the alleged unlawful
practice occurred.” DeMoranville, 933 S.W.2d at 492; see Tex. Lab. Code Ann. § 21.202
(Vernon 1996). “This time limit is mandatory and jurisdictional.” DeMoranville, 933 S.W.2d
at 492.
          Johnson filed her charge of discrimination on September 23, 1998. Therefore, HCC
was only entitled to summary judgment on Johnson’s employment discrimination claims
arising before March 28, 1998 (180 days before the September 23 filing date).
          HCC argued that it is also entitled to summary judgment on any employment
discrimination claims arising between March 28, 1998 and April 20, 1998 because Johnson
was informed of the alleged unlawful employment practice more than 180 days before she
filed the charge (i.e., before March 28, 1998).
          “The United States Supreme Court has held that in discrimination cases, ‘the proper
focus is upon the time of the discriminatory acts, not upon the time at which the
consequences of the acts become the most painful.’” Id. at 492 (quoting Delaware State
Coll. v. Ricks, 449 U.S. 250, 259 (1980) (emphasis in original)). When we focus on the
time of the alleged discrimination, October 1997 through April 1998, it is apparent that
some of the alleged acts occurred within the 180 day time period. Johnson indicated on
the charge of discrimination that the discrimination was a “continuing action” between the
dates of October 17, 1997 and April 20, 1998. Specifically, she alleged: HCC failed to
accommodate her beginning in October of 1997 (when her helper was removed); she was
accommodated for a short time period (given office work); then, such accommodation was
terminated when she was allegedly forced to take sick leave in April of 1998.
          HCC argues that April of 1998 is not the time of proper focus because that is the
time that the consequences (the termination of Johnson’s accommodation and her
placement on sick leave) of the alleged discriminatory acts became the most painful. We
disagree. We hold that the termination of her accommodation and her placement on sick
leave to be discriminatory acts themselves. Johnson’s ultimate removal from the payroll
in October of 1998 is the time at which the consequences of the alleged discriminatory acts
became the most painful. See Specialty Retailers, Inc. v. DeMoranville, 933 S.W.2d 490,
492 (Tex. 1996) (citing Delaware State Coll. v. Ricks, 449 U.S. 250, 259 (1980)).
          In sum, the charge reaches back to bring in acts and decisions from March 28, 1998
and after. Thus, Johnson’s causes of action based on acts of alleged discrimination after
March 28, 1998 are not time-barred. HCC did not conclusively establish the affirmative
defense of limitations regarding these acts. Summary judgment could not have been
properly granted on this ground.
B. QualificationsIn both its motion for summary judgment and its first supplemental motion for
summary judgment, HCC argued that summary judgment was proper because it disproved
an essential element of Johnson’s disability and sex discrimination claims. See Grinnell,
951 S.W.2d at 425. Specifically, HCC argued that it showed that Johnson is not qualified
for her position, an essential element of both her disability discrimination


 and sex
discrimination


 claims. We disagree.
          HCC argued that Johnson cannot be considered qualified because she has not
sufficiently explained the apparent contradiction between her long-term disability benefits
application and her disability discrimination claim. This contradiction arises because
Johnson represented that she was “totally disabled and unable to work” on her application
for long-term disability benefits;


 yet, in her disability discrimination claim, Johnson alleged
that she suffered discrimination because she could work if given reasonable
accommodation but such accommodation was refused. While there is no longer a
presumption that inhibits a long-term disability recipient from pursuing causes of action
alleging that, with reasonable accommodation, she could perform the essential functions
of her job, the “plaintiff cannot simply ignore the apparent contradiction that arises.” See
Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 805-06 (1999). She “must proffer a
sufficient explanation.” Id. at 806. “To defeat summary judgment, that explanation must
be sufficient to warrant a reasonable juror’s concluding that, assuming the truth of, or
plaintiff’s good faith belief in, the earlier statement” that she was totally disabled, the
plaintiff could nonetheless perform her job with reasonable accommodation. See id.
at 807.
          Like the plaintiff in Cleveland, Johnson explains the discrepancy between her long-term disability application representation that she was “totally disabled and unable to work”
and her discrimination claim that she can perform her job with accommodation in her brief
to this Court. See id. at 807. The first representation, she says, was made in a forum that
“did not consider the effect that reasonable workplace accommodations would have on her
ability to work.” Such an explanation has been held sufficient, where the plaintiff did not
make additional specific factual statements that belie her claim that she could perform her
job with accommodation. See id.;


 Giles v. Gen. Elec. Co., 245 F.3d 474, 483-85 (5th Cir.
2001); Bonano v. Reagan Equip. Co., Inc., No. 99-1028, 1999 U.S. Dist. LEXIS 18868,
at *9-10 (E.D. La. Nov. 23, 1999); compare with Reed v. Petroleum Helicopters, Inc., 218
F.3d 477, 479-80 (5th Cir. 2000); Fields v. St. Bernard Parish Sch. Bd., No. 99-3396, 2000
U.S. Dist. LEXIS 15637, at *18-20 (E.D. La. Oct. 16, 2000). This is so because plaintiffs’
seemingly ruinous statements regarding their total disability can be construed as legal
conclusions, rather than factual conclusions. See Cleveland, 526 U.S. at 802; Voisin v.
Ga. Gulf Corp., 245 F. Supp.2d 853, 860-61 (M.D. La. 2002).
          HCC argued that Dr. Swan made specific factual statements that belie Johnson’s
claim that she could perform her job with accommodation. We disagree. HCC pointed to
a signed letter from Dr. Swan to HCC, dated April 9, 1998, that stated, “Her disability . . .
prohibits her from performing all of her job tasks.” However, such a statement does not
rule out the possibility that Johnson could work with accommodation. Moreover, on forms
dated August 31, 1998, attached to Johnson’s first application for long-term disability
benefits, Dr. Swan checked a “Yes” box underneath the question, “Do you consider the
patient to be a viable candidate for job retraining?” Thus, the statement on which HCC
relied does not belie Johnson’s claim that she could perform her job with accommodation.
          We hold Johnson’s explanation to be sufficient because she did not make additional
specific factual statements that belie her claim that she could perform her job with
accommodation. HCC did not show that Johnson was not qualified for her position, the
essential element of Johnson’s disability and sex discrimination claims HCC argues that
it disproved. Genuine issues of material fact regarding this ground remain. Thus,
summary could not have been properly granted on this ground.
C. Reasonable Accommodation
          In its motion for summary judgment, HCC argued that Johnson’s request for
accommodation is unreasonable as a matter of law. HCC points to a letter from Johnson
to HCC, dated April 9, 1998, that asks for a full-time helper to work with her. Johnson
produced what she alleges to be an earlier version of the letter, also dated April 9, 1998,
in which she asks for a full-time helper or “access to a helper to work with me.” Johnson
insists the request for only a full-time helper was written at the insistence of HCC. 
Considering that all evidence favorable to Johnson must be taken as true and all
reasonable inferences, including any doubts, must be resolved in her favor, Willrich, 28
S.W.3d at 23-24, we hold that genuine issues of material fact regarding this ground remain. 
Summary judgment could not have been properly granted on this ground.
D. Treated Differently than Male Employees
          In its motion for summary judgment, HCC argued that summary judgment was
proper because it disproved an essential element of Johnson’s sex discrimination claim. 
See Grinnell, 951 S.W.2d at 425. Specifically, HCC argued that it showed that male
employees were not treated more favorably.


 We disagree.
          HCC alleged that the evidence shows that no male employee was assigned or hired
into Johnson’s position after she left. HCC explained that Johnson’s position was
eliminated after she was removed from the payroll, as was the identical position held by
a male employee. However, this argument fails to address Johnson’s allegation, through
pleadings and affidavits, that another male employee, Jesse Galvan, was accommodated,
while she was not. Considering that all evidence favorable to Johnson must be taken as
true and all reasonable inferences, including any doubts, must be resolved in her favor,
Willrich, 28 S.W.3d at 23-24, we hold that genuine issues of material fact regarding this
ground remain. Summary judgment could not have been properly granted on this ground.
E. Horn Deposition
          In its second supplemental motion for summary judgment, HCC argued that the
deposition of Charlie Horn “conclusively establishes that plaintiff has no evidence to
support her claims of gender and disability discrimination.” We disagree. Johnson’s own
affidavits, filed in response to the motions for summary judgment, stand as support for her
claims and raise genuine issues of material fact. HCC did not explain why Horn’s
deposition completely negates Johnson’s own affidavits. Summary judgment could not
have been properly granted on this ground.
Conclusion
          Because HCC has failed to carry its burden of showing that there is no genuine
issue of material fact and judgment should be granted as a matter of law, see id. at 23, we
cannot affirm the summary judgment. Johnson has shown that it would be error to base
summary judgment on any ground asserted in the motion. See Doe, 915 S.W.2d at 473.
          The judgment is reversed. The case is remanded to the trial court for further
proceedings in accordance with this opinion.
 
 
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice




Opinion delivered and filed this the
29th day of January, 2004.