Doris J. JOHNSON, Appellant,

v.

HOECHST CELANESE CORP. CNA Holdings, Inc. Formally (SIC) d/b/a Hoechst Celanse, Appellees.

No. 13-01-448-CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Jan. 29, 2004.

Rehearing Overruled March 4, 2004.

Christopher E. McJunkin, Corpus Christi, for appellant.

Ellen Malow, Matthew S. Veech, Kasow-itz, Benson, Torres & Friedman, Houston, Jorge C. Rangel, Rangel Law Firm, for appellees.

Before Justices HINOJOSA, YAÑEZ, and CASTILLO.

## OPINION

Opinion by Justice YAÑEZ.

Appellant Doris J. Johnson challenges the trial court's grant of summary judg-ment in favor of appellee Hoechst Cela-nese Corporation ("HCC") on causes of action alleging disability discrimination and sex discrimination.[1] We reverse and remand.

## Background

On June 26, 1978, Johnson began work-ing with HCC as a pipefitter helper in the maintenance department. In November of 1987, she injured her shoulder at work when a three-wheeler flipped while she was riding it. In March of 1988, Dr. Wil-liam Swan performed surgery on her shoulder. When she returned to work, she was given a helper on an as-needed basis. In March of 1993, Johnson re-aggravated the injury, and Dr. Swan performed a second surgery. In May of 1997, John-son's division (Chemical Research and Technology) was terminated and she was selected to continue in the same position (senior maintenance mechanic) with anoth-er division (Global Basic Chemicals). Due to changes in organizational structure, Johnson's position in the new division came with additional job requirements and assignments, which exposed her to more physical activity. In September of 1997, she re-injured her shoulder. In October of 1997, Severo Garza transferred into John-son's division and became her supervisor. He assigned her a full-time helper. Soon after, he took away the full-time helper because he thought it was an unreasonable accommodation. On February 23, 1998, after a review and clarification of John-son's physical restrictions, she was as-signed to clerical duties. Beginning on April 20, 1998, she took extended sick leave.

On August 28 and September 9, 1998, Johnson filed disability claim notices

1. *See* TEX. LAB.CODE ANN. §§ 21.001–.556 (Ver-non 1996 & Supp.2003).

through HCC's long-term disability plan. On September 23, 1998, she filed a charge of discrimination, including an affidavit, with the Corpus Christi Human Relations Commission, a division of the Texas Commission on Human Rights. She alleged disability and sex discrimination on the part of HCC from October 17, 1997, continuing through April 20, 1998.[2] On October 19, 1998, her long-term disability benefits began, and she was taken off HCC's payroll.

In May of 1999, Johnson filed suit against HCC. On March 20, 2001, she filed the live petition, her second amended original complaint. A hearing was held on HCC's motion for summary judgment on March 26, 2001. HCC subsequently filed two additional supplemental motions for summary judgment. Summary judgment was granted on June 22, 2001. This appeal ensued.

### Standard of Review

When reviewing traditional summary judgments, the standard is whether the successful movant at the trial level carried the burden of showing that there is no genuine issue of material fact and judgment should be granted as a matter of law. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich,* 28 S.W.3d 22, 23 (Tex.2000); *Am. Tobacco Co., Inc. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997). In resolving the issue of whether the movant has carried this burden, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-mov-

ant's favor. *Willrich,* 28 S.W.3d at 23–24. Summary judgment should be granted when the defendant/movant submits summary judgment evidence that disproves at least one essential element of the plaintiff's cause of action. *Grinnell,* 951 S.W.2d at 425. In addition, "A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish the defense." *Velsicol Chem. Corp. v. Winograd,* 956 S.W.2d 529, 530 (Tex.1997). "When the trial court does not specify the basis for its summary judgment," as is the case here, "the appealing party must show it is error to base it on any ground asserted in the motion." *Star–Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex.1995). "The appellate court must affirm the summary judgment if any one of the movant's theories has merit." *Id.*

### Applicable Law

Johnson brought her complaint pursuant to the Texas Commission on Human Rights Act (TCHRA), now found at chapter 21 of the Texas Labor Code. *See* TEX. LAB.CODE ANN. §§ 21.001–.556 (Vernon 1996 & Supp.2003). A lawsuit under this chapter "is limited to the complaints made in the discrimination charge and factually related claims that could reasonably be expected to grow out of the Commission's investigation of the charge." *Thomas v. Clayton Williams Energy, Inc.,* 2 S.W.3d 734, 738 (Tex.App.-Houston [14th Dist.] 1999, no pet.) (citing *Fine v. GAF Chem. Corp.,* 995 F.2d 576, 578 (5th Cir.1993)). "Because one purpose of [chapter 21] is to

---

2. Specifically, Johnson alleged:
 Since October 1997 and continuing, I have been subjected to different treatment than male employees in my division. Specifically, I have been denied a similar reasonable accommodation that [has] been granted to

male employees and I have been suspended from job pending termination.... I believe I am being discriminated against because of my disabilities ..., a record of disability, [and] my sex.

bring Texas law in line with federal laws addressing discrimination, federal case law may be cited as authority." *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex.1996); *see Austin State Hosp. v. Kitchen*, 903 S.W.2d 83, 88–89 (Tex.App.-Austin 1995, no writ).

## Analysis

■ HCC argued in its motion for summary judgment, accompanied by two supplemental motions for summary judgment, that summary judgment was proper because: (1) Johnson's claims are time-barred; (2) Johnson was not qualified; (3) Johnson's request for accommodation was unreasonable; (4) Johnson was not treated less favorably than male employees; and (5) the deposition of Charles Horn ruins her claims. In order to succeed on its motions for summary judgment, HCC was required to show that there is no genuine issue of material fact and judgment should be granted as a matter of law as to any of these grounds. *See Willrich*, 28 S.W.3d at 23. On appeal, since the trial court did not specify the basis for its summary judgment, Johnson must show it is error to base the summary judgment on any ground asserted in the motion. *Star–Telegram*, 915 S.W.2d at 473. We will address each of HCC's grounds for summary judgment in turn.

## A. Statute of Limitations

■ In its motion for summary judgment, HCC argued that Johnson's claims were time-barred by the labor code because she failed to file her charge within 180 days of the alleged unlawful employment practice. We disagree.

■ "Texas law requires that a complaint of unlawful employment practices be filed with the ... Texas Commission on Human Rights within 180 days after the alleged unlawful practice occurred." *DeMoranville*, 933 S.W.2d at 492; *see* Tex. Lab.Code Ann. § 21.202 (Vernon 1996). "This time limit is mandatory and jurisdictional." *DeMoranville*, 933 S.W.2d at 492.

Johnson filed her charge of discrimination on September 23, 1998. Therefore, HCC was only entitled to summary judgment on Johnson's employment discrimination claims arising before March 28, 1998 (180 days before the September 23 filing date).

HCC argued that it is also entitled to summary judgment on any employment discrimination claims arising between March 28, 1998 and April 20, 1998 because Johnson was informed of the alleged unlawful employment practice more than 180 days before she filed the charge (i.e., before March 28, 1998).

"The United States Supreme Court has held that in discrimination cases, 'the proper focus is upon the time of the *discriminatory acts*, not upon the time at which the *consequences* of the acts become the most painful.'" *Id.* at 492 (quoting *Delaware State Coll. v. Ricks*, 449 U.S. 250, 259, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980) (emphasis in original)). When we focus on the time of the alleged discrimination, October 1997 through April 1998, it is apparent that some of the alleged acts occurred within the 180 day time period. Johnson indicated on the charge of discrimination that the discrimination was a "continuing action" between the dates of October 17, 1997 and April 20, 1998. Specifically, she alleged: HCC failed to accommodate her beginning in October of 1997 (when her helper was removed); she was accommodated for a short time period (given office work); then, such accommodation was ter-

minated when she was allegedly forced to take sick leave in April of 1998.

HCC argues that April of 1998 is not the time of proper focus because that is the time that the consequences (the termination of Johnson's accommodation and her placement on sick leave) of the alleged discriminatory acts became the most painful. We disagree. We hold that the termination of her accommodation and her placement on sick leave to be discriminatory acts themselves. Johnson's ultimate removal from the payroll in October of 1998 is the time at which the consequences of the alleged discriminatory acts became the most painful. *See Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996) (citing *Delaware State Coll. v. Ricks*, 449 U.S. 250, 259, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980)).

In sum, the charge reaches back to bring in acts and decisions from March 28, 1998 and after. Thus, Johnson's causes of action based on acts of alleged discrimination after March 28, 1998 are not time-barred. HCC did not conclusively establish the affirmative defense of limitations regarding these acts. Summary judgment could not have been properly granted on this ground.

**3.** It is an unlawful employment practice for an employer to refuse to make a reasonable workplace accommodation to a known physical limitation of an otherwise *qualified* individual with a disability unless the employer demonstrates the accommodation would impose an undue hardship on the operation of the business. *See* Tex. Lab.Code Ann. § 21.128 (Vernon 1996).

**4.** A plaintiff may prove a prima facie case of sex discrimination by showing that: (1) she is a member of a protected class, i.e. female; (2) she was *qualified* for her position; and (3) persons outside of the class were treated more favorably. *Harvey v. Chevron U.S.A., Inc.*, 961 F.Supp. 1017, 1026 (S.D.Tex.1997).

## B. Qualifications

In both its motion for summary judgment and its first supplemental motion for summary judgment, HCC argued that summary judgment was proper because it disproved an essential element of Johnson's disability and sex discrimination claims. *See Grinnell*, 951 S.W.2d at 425. Specifically, HCC argued that it showed that Johnson is not qualified for her position, an essential element of both her disability discrimination[3] and sex discrimination[4] claims. We disagree.

HCC argued that Johnson cannot be considered qualified because she has not sufficiently explained the apparent contradiction between her long-term disability benefits application and her disability discrimination claim. This contradiction arises because Johnson represented that she was "totally disabled and unable to work" on her application for long-term disability benefits;[5] yet, in her disability discrimination claim, Johnson alleged that she suffered discrimination because she could work if given reasonable accommodation but such accommodation was refused. While there is no longer a presumption that inhibits a long-term disability recipient from pursuing causes of action alleging

**5.** On August 28, 1998, Johnson checked a "Yes" box under the question: "Are you totally disabled and unable to work?" Before being sent to the insurance carrier, this application, with documents from Dr. Swan, was allegedly rejected by HCC with a note stating, "cannot use this info—it says you can work sedentary work." A second application was made on September 9, 1998. Johnson again checked a "Yes" box under the question: "Are you totally disabled and unable to work?" The application was accepted, allegedly with the assistance of HCC.

that, with reasonable accommodation, she could perform the essential functions of her job, the "plaintiff cannot simply ignore the apparent contradiction that arises." *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805–06, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999). She "must proffer a sufficient explanation." *Id.* at 806, 119 S.Ct. 1597. "To defeat summary judgment, that explanation must be sufficient to warrant a reasonable juror's concluding that, assuming the truth of, or plaintiff's good faith belief in, the earlier statement" that she was totally disabled, the plaintiff could nonetheless perform her job with reasonable accommodation. *See id.* at 807, 119 S.Ct. 1597.

Like the plaintiff in *Cleveland,* Johnson explains the discrepancy between her long-term disability application representation that she was "totally disabled and unable to work" and her discrimination claim that she can perform her job with accommodation in her brief to this Court. *See id.* at 807, 119 S.Ct. 1597. The first representation, she says, was made in a forum that "did not consider the effect that reasonable workplace accommodations would have on her ability to work." Such an explanation has been held sufficient, where the plaintiff did not make additional specific factual statements that belie her claim that she could perform her job with accommodation. *See id.;*[6] *Giles v. Gen. Elec. Co.,* 245 F.3d 474, 483–85 (5th Cir.2001); *Bonano v. Reagan Equip. Co., Inc.,* No. 99–1028, 1999 WL 1072547, at *3, 1999 U.S. Dist. LEXIS 18868, at *9–10 (E.D.La. Nov. 23, 1999); *compare with Reed v. Petroleum*

*Helicopters, Inc.,* 218 F.3d 477, 479–80 (5th Cir.2000); *Fields v. St. Bernard Parish Sch. Bd.,* No. 99–3396, 2000 WL 335744, at *5–6, 2000 U.S. Dist. LEXIS 15637, at *18–20 (E.D.La. Oct. 16, 2000). This is so because plaintiffs' seemingly ruinous statements regarding their total disability can be construed as legal conclusions, rather than factual conclusions. *See Cleveland,* 526 U.S. at 802, 119 S.Ct. 1597; *Voisin v. Ga. Gulf Corp.,* 245 F.Supp.2d 853, 860–61 (M.D.La.2002).

HCC argued that Dr. Swan made specific factual statements that belie Johnson's claim that she could perform her job with accommodation. We disagree. HCC pointed to a signed letter from Dr. Swan to HCC, dated April 9, 1998, that stated, "Her disability ... prohibits her from performing all of her job tasks." However, such a statement does not rule out the possibility that Johnson could work with accommodation. Moreover, on forms dated August 31, 1998, attached to Johnson's first application for long-term disability benefits, Dr. Swan checked a "Yes" box underneath the question, "Do you consider the patient to be a viable candidate for job retraining?" Thus, the statement on which HCC relied does not belie Johnson's claim that she could perform her job with accommodation.

We hold Johnson's explanation to be sufficient because she did not make additional specific factual statements that belie her claim that she could perform her job with accommodation. HCC did not show that Johnson was not qualified for her position, the essential element of Johnson's

---

**6.** In *Cleveland,* the United States Supreme Court was also persuaded by the plaintiff's explanation that her original statements, regarding her total disability, "were 'accurate statements' if examined 'in the time period in which they were made.'" *Cleveland v. Policy Mgmt. Sys. Corp.,* 526 U.S. 795, 807, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999). While Johnson did not offer this same additional explanation, we decline to interpret *Cleveland* to require both explanations.

disability and sex discrimination claims HCC argues that it disproved. Genuine issues of material fact regarding this ground remain. Thus, summary could not have been properly granted on this ground.

### C. Reasonable Accommodation

 In its motion for summary judgment, HCC argued that Johnson's request for accommodation is unreasonable as a matter of law. HCC points to a letter from Johnson to HCC, dated April 9, 1998, that asks for a full-time helper to work with her. Johnson produced what she alleges to be an earlier version of the letter, also dated April 9, 1998, in which she asks for a full-time helper or "access to a helper to work with me." Johnson insists the request for only a full-time helper was written at the insistence of HCC. Considering that all evidence favorable to Johnson must be taken as true and all reasonable inferences, including any doubts, must be resolved in her favor, *Willrich*, 28 S.W.3d at 23–24, we hold that genuine issues of material fact regarding this ground remain. Summary judgment could not have been properly granted on this ground.

### D. Treated Differently than Male Employees

 In its motion for summary judgment, HCC argued that summary judgment was proper because it disproved an essential element of Johnson's sex discrimination claim. *See Grinnell*, 951 S.W.2d at 425. Specifically, HCC argued that it showed that male employees were not treated more favorably.[7] We disagree.

HCC alleged that the evidence shows that no male employee was assigned or hired into Johnson's position after she left. HCC explained that Johnson's position was eliminated after she was removed from the payroll, as was the identical position held by a male employee. However, this argument fails to address Johnson's allegation, through pleadings and affidavits, that another male employee, Jesse Galvan, was accommodated, while she was not. Considering that all evidence favorable to Johnson must be taken as true and all reasonable inferences, including any doubts, must be resolved in her favor, *Willrich*, 28 S.W.3d at 23–24, we hold that genuine issues of material fact regarding this ground remain. Summary judgment could not have been properly granted on this ground.

### E. Horn Deposition

In its second supplemental motion for summary judgment, HCC argued that the deposition of Charlie Horn "conclusively establishes that plaintiff has no evidence to support her claims of gender and disability discrimination." We disagree. Johnson's own affidavits, filed in response to the motions for summary judgment, stand as support for her claims and raise genuine issues of material fact. HCC did not explain why Horn's deposition completely negates Johnson's own affidavits. Summary judgment could not have been properly granted on this ground.

### Conclusion

Because HCC has failed to carry its burden of showing that there is no genuine

---

7. A plaintiff may prove a prima facie case of sex discrimination by showing that: (1) she is a member of a protected class, i.e. female; (2) she was qualified for her position; and (3) *persons outside of the class were treated more favorably.* *Harvey*, 961 F.Supp. at 1026.

issue of material fact and judgment should be granted as a matter of law, *see id.* at 23, we cannot affirm the summary judgment. Johnson has shown that it would be error to base summary judgment on any ground asserted in the motion. *See Doe,* 915 S.W.2d at 473.

The judgment is reversed. The case is remanded to the trial court for further proceedings in accordance with this opinion.