NUMBER 13-09-00185-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


DONNA INDEPENDENT SCHOOL DISTRICT, Appellant,


v.


MARIA CONCEPCION RODRIGUEZ, Appellee.

 




On appeal from the County Court at Law No. 6


of Hidalgo County, Texas.

 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Garza



 Appellant, Donna Independent School District ("Donna ISD"), files this interlocutory
appeal challenging the trial court's denial of its plea to the jurisdiction in a suit filed by
appellee, Maria Concepcion Rodriguez. By a single issue, Donna ISD contends that the
trial court lacks subject-matter jurisdiction because Rodriguez failed to exhaust her
administrative remedies. We affirm the trial court's judgment in part and reverse and render
in part.

I. Background

 From 1970 to 2006, Rodriguez worked for Donna ISD in several positions including
assistant superintendent for curriculum and assistant superintendent for campus support. 
On September 6, 2003, she filed a grievance alleging that Donna ISD discriminated against
her by paying her less than other assistant superintendents, who are male. The grievance
was denied in December of 2003. Nevertheless, on April 5, 2004, the Donna ISD school
board voted to increase Rodriguez's salary to match that of the other assistant
superintendents.

 Rodriguez subsequently filed a formal charge of discrimination on May 27, 2004 with
the Texas Commission on Human Rights ("TCHR"). (1) The charge, or complaint, alleged in
pertinent part that "I [Rodriguez] have been discriminated against because of my sex. The
other Deputy Superintendent is a male. A male in a comparable position has received
$10,000 more in salary yet has fewer responsibilities." Rodriguez alleged in the complaint
that this discrimination was "[c]ontinuous and [o]ngoing." The complaint also alleged, in the
alternative, that Rodriguez was the victim of race and age discrimination and that she had
been retaliated against because she did not support the political campaigns of members
of Donna ISD's board of trustees.

 After waiting the required time period, see Tex. Lab. Code Ann. § 21.208 (Vernon
2006), Rodriguez filed the underlying lawsuit against Donna ISD on December 1, 2005. Her
original petition repeated the allegations of discrimination made in the grievance and TCHR
charge and requested damages and attorney's fees.

 Donna ISD filed a plea to the jurisdiction on July 6, 2007, arguing that Rodriguez "did
not exhaust her administrative remedies within the requisite time period as required by the
TCHRA [Texas Commission on Human Rights Act]." Specifically, Donna ISD argued that,
because Rodriguez's TCHR complaint was filed more than 180 days after her initial
grievance, the complaint was untimely and the trial court therefore lacked jurisdiction to hear
Rodriguez's suit. See id. § 21.202(a) (Vernon 2006).

 On September 18, 2008, Rodriguez filed a response to Donna ISD's plea, arguing
in part that "Plaintiff timely filed her complaint within 180 days of several specific instances
and filed suit within two years of the last instance as required by law." Rodriguez did not
specify in the response which "specific instances" of discrimination occurred within the 180
days prior to her filing the complaint with the TCHR. However, she did attach to the
response a transcript of her deposition testimony taken on April 11, 2007. At the deposition,
Rodriguez acknowledged that the April 5, 2004 pay raise increased her salary to the level
of the other male superintendents, but she stated that she considered this pay raise to be
insufficient, as evidenced by the following exchange:

Q. [Donna ISD's counsel] [Y]ou're saying that the [Donna ISD] board [of
trustees] never gave you what you wanted. Isn't
that what you wanted, for them to increase your
salary equal to Agapito [Navarro, the other male
assistant superintendent]?


A. [Rodriguez] No.


Q. What did you want?


A. No. I wanted for the board to take into
consideration that my years of experience as
assistant superintendent were a lot greater than
Agapito Navarro's and why should I be brought
up to meet him at his salary when I was way
beyond [his] years of experience[?]


Q. So you wanted more money than him?


A. I wanted more--I--I think I deserved more money
than him.


Q. Okay. So when they gave you a salary increase,
you're saying your request--your--your complaint
was denied because they didn't give you more
money even though they gave you--they met the
salary?


A. My complaint was denied because I was asking
for $10,000. They did not give me $10,000.


Q. Okay. And here it shows probably they gave you
about $6,000?


A. Probably.


Q. So you wanted four more thousand dollars?


A. At that time, yes.


 The trial court denied Donna ISD's plea to the jurisdiction on November 24, 2008. 
This interlocutory appeal followed. (2) See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8)
(Vernon 2008) (permitting appeal from interlocutory order granting or denying a plea to the
jurisdiction by a governmental unit), § 101.001(3)(B) (Vernon 2005) (defining "governmental
unit" to include a school district).

II. Discussion

A. Standard of Review

 We review a trial court's ruling on a plea to the jurisdiction under a de novo standard
of review. See Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). 
The plaintiff bears the burden of alleging facts affirmatively demonstrating the trial court's
jurisdiction to hear a case. Id. We construe the pleadings liberally in favor of the pleader,
look to the pleader's intent, and accept as true the factual allegations in the pleadings. Id.
at 228; see City of San Antonio v. Butler, 131 S.W.3d 170, 174 (Tex. App.-San Antonio
2004, pet. denied). If a plea to the jurisdiction challenges the existence of jurisdictional
facts, we consider relevant evidence submitted by the parties when necessary to resolve
the jurisdictional issues raised, as the trial court is required to do. Miranda, 133 S.W.3d at
227; Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).

B. Applicable Law

 The TCHRA prohibits an employer from discharging or in any other way
discriminating against an employee because of the employee's race, color, disability,
religion, sex, national origin, or age. Tex. Lab. Code Ann. § 21.051 (Vernon 2006). 
Adhering to legislative intent, Texas courts have looked to federal law in interpreting the
TCHRA's provisions. See NME Hosps., Inc. v. Rennels, 994 S.W.2d 142, 144 (Tex. 1999).

 Before suing an employer in state court, an employee must exhaust his or her
administrative remedies by first filing a complaint with the TCHR within 180 days of the
alleged discriminatory act. Schroeder v. Tex. Iron Works, Inc., 813 S.W.2d 483, 485 (Tex.
1991); see Tex. Lab. Code Ann. § 21.202(a). In order to comply with the exhaustion
requirement, an employee must: (1) file a complaint with the TCHR within 180 days of the
alleged discriminatory act; (2) allow the TCHR to dismiss the complaint or resolve the
complaint within 180 days before filing suit; and (3) file suit no later than two years after the
complaint is filed. See Tex. Lab. Code Ann. §§ 21.201-.202, 21.208, 21.256 (Vernon 2006). 
The parties agree that the TCHRA's limitations period is mandatory and jurisdictional. See
Specialty Retailers, Inc. v. DeMoranville, 933 S.W.2d 490, 492 (Tex. 1996) (per curiam);
Schroeder v. Tex. Iron Works, Inc., 813 S.W.2d 483, 486 (Tex. 1991); but see Dubai
Petroleum Co. v. Kazi, 12 S.W.3d 71, 76-77 (Tex. 2000) (overruling Mingus v. Wadley, 115
Tex. 551, 285 S.W. 1084 (Tex. 1926) "to the extent it characterized the plaintiff's failure to
establish a statutory prerequisite as jurisdictional"); Wal-Mart Stores, Inc. v. Canchola, 64
S.W.3d 524, 534 (Tex. App.-Corpus Christi 2001), rev'd on other grounds, 121 S.W.3d 735
(Tex. 2003) (questioning whether TCHRA's requirements are jurisdictional after Dubai but
not resolving the issue); King v. Tex. Dep't of Human Servs., 28 S.W.3d 27, 31 & n.1 (Tex.
App.-Austin 2000, no pet.) (same).

 When a charge is timely filed as to one act of discrimination, the "continuing violation"
doctrine expands the scope of those discriminatory events that are actionable, as long as
one of the events occurs within the 180-day period. Wal-Mart Stores v. Davis, 979 S.W.2d
30, 41 (Tex. App.-Austin 1998, pet. denied) (citing Glass v. Petro-Tex Chemical Corp., 757
F.2d 1554, 1560-61 (5th Cir. 1985)). This doctrine applies when an unlawful employment
practice manifests itself over time, rather than as a series of discrete acts. Id. at 41-42
(citing Webb v. Cardiothoracic Surgery Assocs. of N. Tex., P. A., 139 F.3d 532, 537 (5th Cir.
1998)). Under this doctrine, a plaintiff must show "an organized scheme leading to and
including a present violation, so that it is the cumulative effect of the discriminatory practice,
rather than any discrete occurrence, that gives rise to the cause of action." Davis v.
Autonation USA Corp., 226 S.W.3d 487, 493 (Tex. App.-Houston [1st Dist.] 2006, no pet.). 
The focus is on what event should, in fairness and logic, have alerted the average layperson
to act to protect his or her rights. Wal-Mart Stores, 979 S.W.2d at 42 (citing Webb, 139
F.3d at 537; Glass, 757 F.2d at 1561).

C. Analysis

 Rodriguez filed her TCHR complaint on May 27, 2004, some 254 days after first filing
her grievance with Donna ISD. The continuing violation doctrine does not apply to the
claims made in the grievance because Rodriguez was indisputably "alerted . . . to act to
protect . . . her rights" at the time she filed the grievance. See id. Because Rodriguez did
not file a complaint with the TCHR within 180 days of the grievance, she therefore failed to
invoke the trial court's jurisdiction with respect to the allegations contained in the grievance;
namely, that she was continually paid less than males in equivalent positions because of
her sex, age, and race. We conclude that the trial court erred in denying Donna ISD's plea
to the jurisdiction as it relates to the claims made in Rodriguez's September 16, 2003
grievance.

 However, we find that Rodriguez's TCHR complaint was in fact timely with regard to
the claims relating to Rodriguez's April 5, 2004 pay raise. The pay raise, which Rodriguez
alleges was insufficient, occurred only fifty-two days prior to the day Rodriguez filed her
complaint with the TCHR. Although Rodriguez's TCHR complaint does not specifically
reference the pay raise as an allegedly discriminatory act, a subsequent suit filed pursuant
to the TCHRA may be based on claims made in the discrimination complaint as well as any
"factually related claims that could reasonably be expected to grow out of the [TCHR]'s
investigation of the charge." Johnson v. Hoechst Celanese Corp., 127 S.W.3d 875, 878
(Tex. App.-Corpus Christi 2004, no pet.); Thomas v. Clayton Williams Energy, Inc., 2
S.W.3d 734, 738 (Tex. App.-Houston [14th Dist.] 1999, no pet.) (citing Fine v. GAF Chem.
Corp., 995 F.2d 576, 578 (5th Cir. 1993)). Whether or not Rodriguez was given an
insufficient pay raise is an issue that could "reasonably be expected to grow out of" the
TCHR's investigation of Rodriguez's initial complaint that she was receiving less pay than
a male employed in a comparable position. See Johnson, 127 S.W.3d at 878. Therefore,
Rodriguez's TCHR complaint was timely--and she fully exhausted her administrative
remedies--with respect to the allegedly discriminatory pay raise. Accordingly, we conclude
that the trial court did not err in denying Donna ISD's plea to the jurisdiction as it relates to
the April 5, 2004 pay raise.

III. Conclusion

 We reverse the trial court's judgment denying Donna ISD's plea to the jurisdiction as
it relates to the allegations made by Rodriguez in her September 16, 2003 grievance, and
we render judgment dismissing the suit with regard to those allegations. The trial court's
judgment is affirmed with respect to Rodriguez's allegations concerning her April 5, 2004
pay raise.



 

 DORI CONTRERAS GARZA,

 Justice


Dissenting Memorandum Opinion 

by Justice Rose Vela.


Memorandum Opinion delivered and 

filed this the 17th day of September, 2009.
1. The powers and duties exercised by the Texas Commission on Human Rights have since been
transferred to the Civil Rights Division of the Texas Workforce Commission. Tex. Lab. Code Ann. § 21.0015
(Vernon 2006).
2. Rodriguez did not file an appellate brief.