

**NUMBER 13-09-00185-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**DONNA INDEPENDENT SCHOOL DISTRICT,**                    **Appellant,**

**v.**

**MARIA CONCEPCION RODRIGUEZ,**                              **Appellee.**

---

### On appeal from the County Court at Law No. 6
### of Hidalgo County, Texas.

---

## DISSENTING MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Dissenting Memorandum Opinion by Justice Vela

I dissent from the majority's opinion only with respect to the holding that the trial court did not err in denying Donna ISD's plea to the jurisdiction as it related to Rodriguez's April 5, 2004 pay raise. That claim, if there is one, is untimely because the pay raise was not referenced in her complaint and is, in fact, no different from the claims previously

asserted in the September 16, 2003 grievance. Rodriguez's response to the plea to the jurisdiction does not state or even suggest that she is complaining about the April 5, 2004 pay raise. In fact, the pay raise was brought up by counsel for the school district during deposition.

The majority correctly holds that the continuing violation doctrine does not apply to her claims because she was alerted that "she was continually paid less than males in equivalent positions because of her sex, age, and race," but she did not file a claim within 180 days of the grievance. Yet, the majority holds that her complaint with regard to the pay raise was timely even though it is the same claim—that she was paid less than her male counterparts.

As authority, the majority cites two cases for the proposition that a suit filed pursuant to the TCHRA may be based upon claims made in the discrimination complaint, as well as any factually related claims that could reasonably be expected to grow out of the investigation of the charge. *See Johnson v. Hoechst Celanese Corp*., 127 S.W.3d 875, 878 (Tex. App.–Corpus Christi 2004, no pet); *Thomas v. Clayton Williams Energy, Inc*., 2 S.W.3d 734, 738 (Tex. App.–Houston [14th Dist.] 1999, no pet.). In *Thomas*, defendant urged that plaintiff had not exhausted his administrative remedies with respect to a retaliatory discharge claim. *Id.* at 738. The court held that the plaintiff's retaliation claim arose because the plaintiff filed a presumably timely complaint, and it was unnecessary for plaintiff to file an additional complaint with regard to the retaliation claim that arose out of the original complaint. *Id.* Here, Rodriguez presented no argument with regard to an

2

untimely retaliation claim arising from a timely filed complaint.[1]  *Johnson*, on the other hand, seems to employ the continuing violation theory.  *See Johnson*, 127 S.W.3d at 779 (stating that Johnson indicated on the complaint that the discrimination was a continuing action between October 1997 and April 1998).  The majority correctly rejected the application of that theory here, so *Johnson* does not support the majority's holding.

Thus, I respectfully dissent because the "pay raise" complaint is not different from Rodriguez's earlier complaint that she was discriminated against because she was paid less that other male superintendents.  Rodriguez filed her grievance on September 16, 2003, complaining of salary disparity.  At the latest, she was aware of the alleged discriminatory practice of salary disparity on that date.  She did not file suit, however, until 254 days later.  The fact that on April 5, 2004, she felt there was continued disparity does not revive her otherwise untimely claim.  Pursuant to section 21.202 of the Texas Labor Code, Rodriguez's complaint of salary disparity was late.  *See* TEX. LAB. CODE ANN. § 21.202 (Vernon 2006).  The trial court should have dismissed the action for lack of jurisdiction.


ROSE VELA
Justice


Dissenting Memorandum Opinion delivered and
filed this 17th day of September, 2009.

---

[1]In fact, Rodriguez did not file a brief in this Court, so she actually makes no arguments on appeal.