

## NUMBER 13-09-00185-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**DONNA INDEPENDENT SCHOOL DISTRICT,**                  **Appellant,**

**v.**

**MARIA CONCEPCION RODRIGUEZ,**                     **Appellee.**

### On appeal from the County Court at Law No. 6
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Garza

Appellant, Donna Independent School District ("Donna ISD"), files this interlocutory appeal challenging the trial court's denial of its plea to the jurisdiction in a suit filed by appellee, Maria Concepcion Rodriguez. By a single issue, Donna ISD contends that the trial court lacks subject-matter jurisdiction because Rodriguez failed to exhaust her administrative remedies. We affirm the trial court's judgment in part and reverse and render in part.

### I. Background

From 1970 to 2006, Rodriguez worked for Donna ISD in several positions including assistant superintendent for curriculum and assistant superintendent for campus support.

On September 6, 2003, she filed a grievance alleging that Donna ISD discriminated against her by paying her less than other assistant superintendents, who are male. The grievance was denied in December of 2003. Nevertheless, on April 5, 2004, the Donna ISD school board voted to increase Rodriguez's salary to match that of the other assistant superintendents.

Rodriguez subsequently filed a formal charge of discrimination on May 27, 2004 with the Texas Commission on Human Rights ("TCHR").[1] The charge, or complaint, alleged in pertinent part that "I [Rodriguez] have been discriminated against because of my sex. The other Deputy Superintendent is a male. A male in a comparable position has received $10,000 more in salary yet has fewer responsibilities." Rodriguez alleged in the complaint that this discrimination was "[c]ontinuous and [o]ngoing." The complaint also alleged, in the alternative, that Rodriguez was the victim of race and age discrimination and that she had been retaliated against because she did not support the political campaigns of members of Donna ISD's board of trustees.

After waiting the required time period, *see* TEX. LAB. CODE ANN. § 21.208 (Vernon 2006), Rodriguez filed the underlying lawsuit against Donna ISD on December 1, 2005. Her original petition repeated the allegations of discrimination made in the grievance and TCHR charge and requested damages and attorney's fees.

Donna ISD filed a plea to the jurisdiction on July 6, 2007, arguing that Rodriguez "did not exhaust her administrative remedies within the requisite time period as required by the TCHRA [Texas Commission on Human Rights Act]." Specifically, Donna ISD argued that, because Rodriguez's TCHR complaint was filed more than 180 days after her initial grievance, the complaint was untimely and the trial court therefore lacked jurisdiction to hear Rodriguez's suit. *See id.* § 21.202(a) (Vernon 2006).

On September 18, 2008, Rodriguez filed a response to Donna ISD's plea, arguing

---

[1] The powers and duties exercised by the Texas Commission on Human Rights have since been transferred to the Civil Rights Division of the Texas Workforce Commission. TEX. LAB. CODE ANN. § 21.0015 (Vernon 2006).

in part that "Plaintiff timely filed her complaint within 180 days of several specific instances and filed suit within two years of the last instance as required by law." Rodriguez did not specify in the response which "specific instances" of discrimination occurred within the 180 days prior to her filing the complaint with the TCHR. However, she did attach to the response a transcript of her deposition testimony taken on April 11, 2007. At the deposition, Rodriguez acknowledged that the April 5, 2004 pay raise increased her salary to the level of the other male superintendents, but she stated that she considered this pay raise to be insufficient, as evidenced by the following exchange:

Q. [Donna ISD's counsel] [Y]ou're saying that the [Donna ISD] board [of trustees] never gave you what you wanted. Isn't that what you wanted, for them to increase your salary equal to Agapito [Navarro, the other male assistant superintendent]?

A. [Rodriguez] No.

Q. What did you want?

A. No. I wanted for the board to take into consideration that my years of experience as assistant superintendent were a lot greater than Agapito Navarro's and why should I be brought up to meet him at his salary when I was way beyond [his] years of experience[?]

Q. So you wanted more money than him?

A. I wanted more—I—I think I deserved more money than him.

Q. Okay. So when they gave you a salary increase, you're saying your request—your—your complaint was denied because they didn't give you more money even though they gave you—they met the salary?

A. My complaint was denied because I was asking for $10,000. They did not give me $10,000.

Q. Okay. And here it shows probably they gave you about $6,000?

A. Probably.

Q. So you wanted four more thousand dollars?

3

A. At that time, yes.

The trial court denied Donna ISD's plea to the jurisdiction on November 24, 2008. This interlocutory appeal followed.[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon 2008) (permitting appeal from interlocutory order granting or denying a plea to the jurisdiction by a governmental unit), § 101.001(3)(B) (Vernon 2005) (defining "governmental unit" to include a school district).

## II. DISCUSSION

### A. Standard of Review

We review a trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The plaintiff bears the burden of alleging facts affirmatively demonstrating the trial court's jurisdiction to hear a case. *Id.* We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *Id.* at 228; *see City of San Antonio v. Butler*, 131 S.W.3d 170, 174 (Tex. App.–San Antonio 2004, pet. denied). If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Miranda*, 133 S.W.3d at 227; *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

### B. Applicable Law

The TCHRA prohibits an employer from discharging or in any other way discriminating against an employee because of the employee's race, color, disability, religion, sex, national origin, or age. TEX. LAB. CODE ANN. § 21.051 (Vernon 2006). Adhering to legislative intent, Texas courts have looked to federal law in interpreting the TCHRA's provisions. *See NME Hosps., Inc. v. Rennels*, 994 S.W.2d 142, 144 (Tex. 1999).

Before suing an employer in state court, an employee must exhaust his or her administrative remedies by first filing a complaint with the TCHR within 180 days of the

---

[2] Rodriguez did not file an appellate brief.

4

alleged discriminatory act. *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991); *see* TEX. LAB. CODE ANN. § 21.202(a). In order to comply with the exhaustion requirement, an employee must: (1) file a complaint with the TCHR within 180 days of the alleged discriminatory act; (2) allow the TCHR to dismiss the complaint or resolve the complaint within 180 days before filing suit; and (3) file suit no later than two years after the complaint is filed. *See* TEX. LAB. CODE ANN. §§ 21.201-.202, 21.208, 21.256 (Vernon 2006). The parties agree that the TCHRA's limitations period is mandatory and jurisdictional. *See Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996) (per curiam); *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 486 (Tex. 1991); *but see Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76-77 (Tex. 2000) (overruling *Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084 (Tex. 1926) "to the extent it characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional"); *Wal-Mart Stores, Inc. v. Canchola*, 64 S.W.3d 524, 534 (Tex. App.–Corpus Christi 2001), *rev'd on other grounds*, 121 S.W.3d 735 (Tex. 2003) (questioning whether TCHRA's requirements are jurisdictional after *Dubai* but not resolving the issue); *King v. Tex. Dep't of Human Servs.*, 28 S.W.3d 27, 31 & n.1 (Tex. App.–Austin 2000, no pet.) (same).

When a charge is timely filed as to one act of discrimination, the "continuing violation" doctrine expands the scope of those discriminatory events that are actionable, as long as one of the events occurs within the 180-day period. *Wal-Mart Stores v. Davis*, 979 S.W.2d 30, 41 (Tex. App.–Austin 1998, pet. denied) (citing *Glass v. Petro-Tex Chemical Corp.*, 757 F.2d 1554, 1560-61 (5th Cir. 1985)). This doctrine applies when an unlawful employment practice manifests itself over time, rather than as a series of discrete acts. *Id.* at 41-42 (citing *Webb v. Cardiothoracic Surgery Assocs. of N. Tex., P. A.*, 139 F.3d 532, 537 (5th Cir. 1998)). Under this doctrine, a plaintiff must show "an organized scheme leading to and including a present violation, so that it is the cumulative effect of the discriminatory practice, rather than any discrete occurrence, that gives rise to the cause of action." *Davis v. Autonation USA Corp.*, 226 S.W.3d 487, 493 (Tex. App.–Houston [1st Dist.] 2006, no pet.).

The focus is on what event should, in fairness and logic, have alerted the average layperson to act to protect his or her rights. *Wal-Mart Stores*, 979 S.W.2d at 42 (citing *Webb*, 139 F.3d at 537; *Glass*, 757 F.2d at 1561).

## C. Analysis

Rodriguez filed her TCHR complaint on May 27, 2004, some 254 days after first filing her grievance with Donna ISD. The continuing violation doctrine does not apply to the claims made in the grievance because Rodriguez was indisputably "alerted . . . to act to protect . . . her rights" at the time she filed the grievance. *See id.* Because Rodriguez did not file a complaint with the TCHR within 180 days of the grievance, she therefore failed to invoke the trial court's jurisdiction with respect to the allegations contained in the grievance; namely, that she was continually paid less than males in equivalent positions because of her sex, age, and race. We conclude that the trial court erred in denying Donna ISD's plea to the jurisdiction as it relates to the claims made in Rodriguez's September 16, 2003 grievance.

However, we find that Rodriguez's TCHR complaint was in fact timely with regard to the claims relating to Rodriguez's April 5, 2004 pay raise. The pay raise, which Rodriguez alleges was insufficient, occurred only fifty-two days prior to the day Rodriguez filed her complaint with the TCHR. Although Rodriguez's TCHR complaint does not specifically reference the pay raise as an allegedly discriminatory act, a subsequent suit filed pursuant to the TCHRA may be based on claims made in the discrimination complaint as well as any "factually related claims that could reasonably be expected to grow out of the [TCHR]'s investigation of the charge." *Johnson v. Hoechst Celanese Corp.*, 127 S.W.3d 875, 878 (Tex. App.–Corpus Christi 2004, no pet.); *Thomas v. Clayton Williams Energy, Inc.*, 2 S.W.3d 734, 738 (Tex. App.–Houston [14th Dist.] 1999, no pet.) (citing *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993)). Whether or not Rodriguez was given an insufficient pay raise is an issue that could "reasonably be expected to grow out of" the TCHR's investigation of Rodriguez's initial complaint that she was receiving less pay than

6

a male employed in a comparable position. *See Johnson*, 127 S.W.3d at 878. Therefore, Rodriguez's TCHR complaint was timely—and she fully exhausted her administrative remedies—with respect to the allegedly discriminatory pay raise. Accordingly, we conclude that the trial court did not err in denying Donna ISD's plea to the jurisdiction as it relates to the April 5, 2004 pay raise.

## III. Conclusion

We reverse the trial court's judgment denying Donna ISD's plea to the jurisdiction as it relates to the allegations made by Rodriguez in her September 16, 2003 grievance, and we render judgment dismissing the suit with regard to those allegations. The trial court's judgment is affirmed with respect to Rodriguez's allegations concerning her April 5, 2004 pay raise.

_____
DORI CONTRERAS GARZA,
Justice

Dissenting Memorandum Opinion
by Justice Rose Vela.

Memorandum Opinion delivered and
filed this the 17th day of September, 2009.